**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.                                             Case No. 08-CV-10367-DT

DEANNA HAWKINS,

      Defendant.
                                               /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS COMPLAINT AND SET ASIDE DEFAULT
AND
DENYING PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

Pending before the court is Defendant Deanna Hawkins's April 1, 2008 "Motion to Set Aside Entry of Default and Motion for Dismissal Under Rule 12(b) for Lack of Jurisdiction, Improper Venue and Insufficient Service of Process" and Plaintiff State Farm Mutual Automobile Insurance Company's April 5, 2008 "Emergency Motion to Compel the Deposition of Defendant Deanna Hawkins." Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part Defendants' motion and deny Plaintiff's motion.

**I. BACKGROUND**

On January 25, 2008, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated the above-captioned action, alleging subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff's complaint alleges that Plaintiff provided insurance coverage to James Wyrick. (Compl.

at ¶ 5.)  According to the Complaint, Defendant Deanna Hawkins submitted claims to State Farm for attendant care allegedly provided to her niece, Fecchia Hawkins, who was injured while a passenger in Mr. Wyrick's car.  (*Id.* at ¶¶ 6-8.)  State Farm asserts that these claims were false because Fecchia Hawkins had lived on her own throughout the period that claims were submitted on her behalf.  (*Id.* at ¶ 9-11.)  State Farm asserts claims for fraud and unjust enrichment against Defendant for $345,696.00 in claims paid to Defendant.  (*Id.* at ¶¶ 22, 26.)

Plaintiff filed a return of service on March 17, 2008, indicating that Defendant had been personally served on February 18, 2008 at Memorial Hermann Baptist Beaumont Hospital in Beaumont, Texas.  (Dkt. # 7.)  On March 17, 2008, Plaintiff also sought and obtained a clerk's entry of default.  Two weeks later, Defendant filed a motion arguing that the clerk's entry of default should be set aside and the matter dismissed for lack of personal jurisdiction, improper venue and insufficient service of process.  Plaintiff has filed a motion seeking an "emergency" deposition of Defendant in order to evaluate the amount of damages so that Plaintiff can file a motion for default judgment.

## II.  DEFENDANT'S MOTION TO SET ASIDE DEFAULT, DISMISS OR TRANSFER VENUE

### A.  Service of Process/Clerk's Entry of Default

Defendant first argues that service of process was insufficient in this matter and, therefore, the clerk's entry of default should be set aside and the case should be dismissed.

Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located, by delivering a copy of the summons and complaint to the individual personally, by leaving

2

copies with an appropriate person residing at the defendant's usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). Michigan Court Rule 2.105 provides that process may be served on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(a).

Plaintiff asserts that service was properly effectuated under these rules because, according to the affidavit of its process server, Defendant was personally served on February 18, 2008 at Memorial Hermann Baptist Beaumont Hospital in Beaumont, Texas. (Dkt. # 7.) Defendant, instead, argues that service was ineffective because, at the time of the alleged service, she was incapacitated. (Def.'s Mot. at ¶ 6.) Defendant avers in her affidavit that she has "no recollection" of being served in the hospital, but that she was later informed that "someone gave a letter to [her] daughter." (Def.'s Aff. at ¶¶ 5 & 7.) Even accepting the veracity of Defendant's affidavit, the court finds it insufficient to rebut the affidavit of Plaintiff's process server, who affirmatively indicates he personally served Defendant. That Defendant has no recollection of being served does not mean that she was not in fact served, even if her daughter also received an

unspecified "letter" at some point.[1]  Finally, Defendant intimates, without directly arguing, that her incapacity rendered her incompetent to accept service.  In the absence of any legal or factual support for this suggestion, the court rejects it.  Accordingly, the court finds that Plaintiff properly effectuated service on Defendant and will not dismiss this matter under Federal Rule of Civil Procedure 12(b)(4).

However, given the gravity of Defendant's illness at the time of service, the court will set aside the clerk's entry of default.  Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  When evaluating a motion to set aside a default, the court should consider three factors:

> (1)  whether the default was the result of the defendant's willful or culpable conduct;
>
> (2)  whether the plaintiff would be prejudiced by setting aside the judgment; and
>
> (3)  whether the defendant presented any meritorious defenses following the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).  The Sixth Circuit has further stated:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . .  Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*Id.* at 846 (internal citations omitted).

---

[1] Indeed, Defendant's assertion that she was "informed" that "someone" gave her daughter a "letter," bears very little relevance to the court's inquiry.

4

Here, the court finds that the first two factors weigh heavily in favor of setting aside the default so that the case may proceed on the merits.[2] Based on the record before the court, it is evident that the default was not occasioned by any willful or culpable conduct of Defendant. Rather, it appears clear that the default was the result of a legitimate and serious illness. Moreover, Defendant moved promptly to set aside the default a mere two weeks after it was entered.

The absence of prejudice also weighs in favor of setting aside the default. Plaintiff does not make any assertion that it will be prejudiced if the default is set aside. The litigation is in a very early stage and, if anything, the slight delay caused by Defendant's failure to timely respond has more likely benefitted Plaintiff. Defendant has since been released from the hospital, (Def.'s Aff. at ¶ 2), and is presumably more available to participate in the litigation. Moreover, in order to establish prejudice, Plaintiff must point to something more than mere delay. *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996). Every default that has been set aside has necessarily resulted in some delay in the proceedings. Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 433-34. No such harm has been alleged in this case.

Accordingly, the court finds that the balance of the *United Coin Meter* factors weigh in favor of setting aside the default.

---

[2]Defendant has failed to assert the existence of a meritorious defense. Nonetheless, the strength of the other two factors weighs heavily in favor of setting aside the default.

## B. Personal Jurisdiction

Defendant next argues that the case should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). If the district court does not conduct an evidentiary hearing on the matter of personal jurisdiction, the plaintiff must make only a prima facie showing of jurisdiction. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). In such a case, the plaintiff must "'demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.'" *Welsh v. Gibbs,* 631 F.2d 436, 438 (6th Cir. 1980) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). Further, a court does not weigh the controverting assertions of the party seeking dismissal. *Dean,* 134 F.3d at 1272 (quoting *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996)).

A federal court's exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). Personal jurisdiction issues in Michigan courts are governed by the state's long-arm statute, Mich. Comp. Laws § 600.715. Many Michigan courts and courts within this Circuit have characterized Michigan's long-arm statute as extending as far as the Fourteenth Amendment's Due Process Clause allows. *See Neogen Corp.*, 282 F.3d at 888 ("The 'transaction of any business' necessary for limited personal jurisdiction under § 600.715(1) is established by 'the slightest act of business in Michigan.'") (citing *Lanier v.*

*Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1998); *see also Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) ("The standard for deciding whether a party has transacted any business under § 600.715(1) is extraordinarily easy to meet. [T]he only real limitation placed on this [long arm] statute is the due process clause.") (citation omitted). Accordingly, if jurisdiction over Defendants in this court is proper under the Fourteenth Amendment, it also passes muster under Michigan's long-arm statute.

Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fairplay and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In analyzing the due process limits on personal jurisdiction, courts distinguish two different means for exercising jurisdiction: general jurisdiction and specific jurisdiction.

General jurisdiction is proper only when a defendant's contacts with the forum state are continuous and systematic, permitting the court to exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. *Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003); *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).

To establish specific jurisdiction, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Ultimately, the defendant's conduct and

7

connection with the forum must be such that he "should reasonably anticipate being haled into court there." *Burger King Corp.*, 471 U.S. at 474. The Sixth Circuit has formulated the following three-part test to capture the due process considerations for specific personal jurisdiction (the "*Mohasco* factors"):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Defendant argues that she does not have "any real or continuous contacts with Michigan–she does not reside in Michigan, . . . own real estate in Michigan, . . . maintain a bank account in Michigan, and . . . have any license issued by Michigan." (Def.'s Br. at 5.) Defendant also maintains that "'traditional notions of fair play and substantial justice' are offended by forcing a gravely ill individual to travel to State Farm's chose forum to defend a lawsuit in Michigan." (*Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).)

The court finds that Plaintiff has easily met its burden of establishing prima facie showing of specific jurisdiction. Plaintiff's Complaint alleges a scheme by Defendant to defraud State Farm through use of a Michigan insured's Michigan policy and the alleged Michigan injury of her Michigan niece. Plaintiff further contends that Defendant represented to Plaintiff that she was providing attendant care in Michigan for nearly five years. (Pl.'s Resp. at 6.) According to Plaintiff, State Farm is "in possession of 28 checks that have been negotiated on behalf of Fecchia Hawkins and [her attorney] for

8

the attendant care allegedly provided, all of which were purportedly signed by [Defendant] Deanna Hawkins when deposited in Michigan." Under these allegations, Plaintiff has met its burden of establishing specific jurisdiction.[3]

Defendant's actions, as alleged by Plaintiff meet all of the *Mohasco* factors. First, Defendant purposefully availed herself of the privilege of acting in the forum state or causing a consequence in the forum state. *Mohasco Indus., Inc.*, 401 F.2d at 381. Defendant's contacts with Michigan "proximately result from actions by defendant *[her]self* that create a 'substantial connection' with the forum state." *Burger King Corp.*, 471 U.S. at 462 (citation omitted) (emphasis in original). Second, Plaintiff's cause of action arises from the Defendant's alleged fraudulent activities in Michigan. *Mohasco Indus., Inc.*, 401 F.2d at 381. Third, the alleged acts of Defendant and the consequences caused by Defendant have a substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable. *Id.* The court will therefore deny Defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

### C. Venue

Finally, Defendant argues that this action must be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). Because federal subject matter jurisdiction in this case is based solely on diversity of citizenship under 28 U.S.C. § 1332, venue is governed by 28 U.S.C. § 1391(a). "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be

---

[3]Nor is the court persuaded by Defendant's assertion, without authority, that because she is sick the court lacks personal jurisdiction over her.

brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Additionally, 28 U.S.C. § 1406 states: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The court will deny the motion to dismiss because, for the reasons discussed above, this action was appropriately brought in Michigan, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). Contrary to Defendant's argument, there is no presumption that venue "proper primarily" where Defendant resides. Instead, under § 1391, venue properly lies in Michigan, where Defendant's wrongful conduct, as alleged by Plaintiff, occurred.

Defendant also argues that the case should be dismissed under the *forum non conveniens* doctrine, citing *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, --- U.S. ---, 127 S.Ct. 1184, 1190 (2007). The Supreme Court explained in *Sinochem*:

> A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller*, 510 U.S. 443, 447-448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in turn quoting

> *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted). We have characterized *forum non conveniens* as, essentially, "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *American Dredging*, 510 U.S., at 453, 114 S.Ct. 981; *cf. In re Papandreou*, 139 F.3d, at 255 (*forum non conveniens* "involves a deliberate abstention from the exercise of jurisdiction").

*Id.* In support of her *forum non conveniens* theory, Defendant presents the same arguments that she asserted in support of her personal jurisdiction argument. The court is not persuaded.

In the federal court system, the *forum non conveniens* doctrine is codified in 28 U.S.C. § 1404(a). *Id.* at 1190-91. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)). A district court has broad discretion to grant or deny a motion to transfer [a] case. *Phelps v. McClellan*, 30 F.3d 658 663 (6th Cir. 1994). Here, Defendant relies primarily on the gravity of her illness in arguing the case should be dismissed on *forum non conveniens* grounds. While the court does not wish to undercut the seriousness of Defendant's health, it does not present, at this point, a

situation that requires dismissal.[4]  Defendant simply has not met her "heavy burden" of opposing State Farm's chosen forum.[5]  *See Sinochem*, 127 S.Ct. at 1191.; *see also Catalano v. BRI, Inc.,* 724 F.Supp. 1580, 1583 (E.D. Mich. 1989) ("Unless the balance of conveniences is strongly in favor of the defendants, plaintiffs' choice of forum should not be disturbed.") (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947)).

### III. PLAINTIFF'S "EMERGENCY MOTION TO COMPEL"

Also before the court is Plaintiff's emergency motion to compel the deposition of Defendant.  Plaintiff's motion is premised on the necessity of taking Defendant's deposition to determine damages for entry of a default judgment.  Because the court has set aside the clerk's entry of default, there is no immediate need to take Defendant's deposition.  Although Plaintiff argues that Defendant is obviously very sick, Defendant states in her deposition that she was recently released from the hospital. (Def.'s Aff. at ¶ 2.)  Thus, it appears that Defendant condition is improving.  At this time, the court sees no reason to depart from the traditional discovery process, which ordinarily should not commence before the Rule 26(f) conference.  Fed. R. Civ. P. 26(d).  Plaintiff's motion will therefore be denied without prejudice.[6]

---

[4] Defendant requests only a dismissal, not a transfer, to Texas.  Nonetheless, given the information before the court, the court would not transfer this Michigan dispute to Texas based solely on Defendant's illness.

[5] This does not mean, however, that the court will not, in consideration of Defendant's health, entertain future requests to conduct Defendant's deposition in Texas.

[6] During an April 18, 2008 off-the-record telephone conference, counsel indicated that they have agreed to take the next steps necessary to determine whether they can coordinate a mutually agreeable deposition schedule.

12

## IV.  CONCLUSION

IT IS ORDERED that Defendants' motion to dismiss the complaint and motion to set aside the default [Dkt. # 11] is GRANTED IN PART AND DENIED IN PART.  The motion to set aside the default is GRANTED, and the motion to dismiss is DENIED.  Defendant is DIRECTED to file an answer within fourteen days of the date of this order.

IT IS FURTHER ORDERED that Plaintiff's emergency motion to compel [Dkt. # 12] is DENIED WITHOUT PREJUDICE.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522