**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

                                    Case No. 08-CV-10367-DT

DEANNA HAWKINS,

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND/OR MOTION TO DISMISS AND
CONVERTING SEPTEMBER 3, 2008 HEARING TO A STATUS CONFERENCE**

Pending before the court is a motion for summary judgment and/or motion to dismiss, filed on July 3, 2008 by Defendant Deanna Hawkins. The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

On January 25, 2008, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed this action, alleging fraud and unjust enrichment against Defendant Deanna Hawkins and claiming damages totaling $346,696.00. (Compl. at ¶¶ 22, 26.) From December 2003 through August 2005, Plaintiff paid Defendant for attendant care services that Defendant provided to Defendant's niece, Fecchia Hawkins, following Fecchia Hawkins's injury in an automobile accident on November 13, 2000. (Compl. at ¶¶ 7, 9.) Based on reports, however, from Fecchia Hawkins and her doctor, Plaintiff asserts Defendant failed to provide Fecchia Hawkins with the specified

attendant care services from December 2003 through August 2005 because Fecchia Hawkins maintains that she had lived on her own since October 2003. (Compl. at ¶¶ 10-11.) On July 21, 2004, a Wayne County Probate Court declared Fecchia Hawkins legally incapacitated and appointed Defendant as Full Guardian. (7/21/2004 Probate Order, Def.'s Mot. at Ex. 2.) In addition, on November 22, 2004, an Oakland Country Circuit Court entered an order approving a release signed by the Plaintiff and Defendant as Next Friend of Fecchia Hawkins that resolved disputed payments for attendant care services through October 29, 2004. (11/22/2004 State Court Order, Def.'s Mot. at Ex. 1.) Defendant asserts that this court should grant summary judgment or dismiss Plaintiff's complaint because (1) there is lack of pleading specificity under Federal Rule of Civil Procedure 9(b), (2) there is lack of damages, (3) res judicata and/or collateral estoppel bar the suit, and (4) full faith and credit bars the suit under the *Rooker-Feldman* doctrine.

## II.  STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). Defendant also moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and "the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsey v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342

F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

## III.  DISCUSSION

### A.  Fraud

Defendant argues that Plaintiff has not alleged fraud in its complaint with the specificity required by the Federal Rules.  (Def.'s Mot. at 2-3.)  When alleging fraud, Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  While the Sixth Circuit construes this rule liberally, *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993), and in accord with the aim of the Federal Rules of Civil Procedure for simplicity in pleading, *Michaels Bldg. Co. V. Ameritrust Co.*, N.A., 848 F.2d 674, 679 (6th Cir. 1988), "the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'"  *Coffey*, 2 F.3d at 162 (citing *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D. Tenn. 1986)).  A plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud,"  *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993).  Courts may relax the rule "where information is only within the opposing party's knowledge." *Michaels*, 848 F.2d at 680.

Plaintiff describes the time, place, and manner of the fraud alleged when it states in its complaint that Defendant submitted billings and received $345,696.00 for attendant care services she allegedly failed to provide to Fecchia Hawkins from December 2003 through August 2005.  (Compl. at ¶ 9.)  Plaintiff provides the alleged

5

fraudulent scheme and fraudulent intent when it states Fecchia Hawkins reported to her doctor she had not lived with Defendant from October 2003 through August 2005 and that Defendant had instructed her not to tell anyone. (Compl. at ¶¶ 10-11.) Finally, Plaintiff alleges injury from the fraud in the amount of $345,696.00 for payments to Defendant for services not provided. (Compl. ¶ 9.)

These facts give Defendant sufficient information to answer the allegation of fraud. They put Defendant on notice regarding the circumstances of the fraud Plaintiff alleges by outlining the circumstances under which Plaintiff claims Defendant committed fraud. While there must exist a "reasonable basis upon which to make out a cause of action from the events narrated in the complaint," Federal Rule of Civil Procedure 11 will check overreaching by attorneys. *Michaels*, 848 F.2d at 680. The statements of Fecchia Hawkins to her doctor, together with his report, (Compl. at ¶¶ 10-11), give a "reasonable basis" for Plaintiff to make a claim of fraud.[1]

### B. Damages

#### 1. Statute of Limitations

Next, Defendant asserts that a three-year statutory period applicable to general tort actions bars Plaintiff's claims. (Def.'s Mot. at 8.) Michigan law fixes a statutory period of six years for any personal action "unless a different period is stated in the statutes." Mich. Comp. Laws § 600.5813. While Mich. Comp. Laws § 600.5805(10)

---

[1] For the purposes of 12(b)(6) motions, a court may properly rely upon on allegations in the complaint, the record, and exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.").

carves out a three year statutory period for actions "to recover damages for the death of a person, or for injury to a person or property," Michigan courts have ruled that the six year limitations period governs fraud actions.[2] *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1135 (6th Cir. 1995) ("Under Michigan law, where a fraud claim does not involve 'injuries to specific property,' the residual statute of limitations, § 600.5813, applies to the fraud claim." (citing *Sweet v. Shreve*, 247 N.W. 711, 712 (Mich. 1933))); *Blue Cross Blue Shield of Michigan v. Folkema*, 436 N.W.2d 670 (Mich. Ct. App. 1988) (finding that the six-year statute of limitations applies to a fraud action by insurer against a doctor who received payments for services the doctor did not perform); *Case v. Goren*, 204 N.W.2d 767, 771 (Mich. Ct. App. 1972) ("[W]here the damages claimed are not for injuries to specific property, . . . the action may be brought within the general six-year provisions.") (citation omitted). The six year statute of limitations fails to bar Plaintiff's fraud claim.

## 2. Michigan Catastrophic Claims Association ("MCCA")

Defendant relies upon the regulatory scheme of the MCCA to argue that Plaintiff may only claim damages for amounts not already reimbursed to them by MCCA. (Def.'s Mot. at 10-11.) The no-fault act requires all insurers to join the MCCA, which the Michigan state legislature created. Mich. Comp. Laws § 500.3104(1). MCCA, in turn, indemnifies members for losses sustained in excess of a statutory threshold amount. Mich. Comp. Laws § 500.3104(2). Each insurer is furthermore required to abide by the

---

[2]While both Plaintiff and Defendant discuss whether the action of fraud sounds in contract or tort, such discussion remains unnecessary for the determination of the statutory period because the statute does not contemplate such a distinction.

7

plan of operation promulgated in accord with the statute. Mich. Comp. Laws § 500.3104(20). The plan itself presupposes suits by insurers against third parties to recover monies previously reimbursed by MCCA to insurers. MCCA Plan of Operation, Article X, § 10.06 ("Whenever a member recovers from a third-party an amount for which it has already been reimbursed by the Association, the member shall promptly turn such recovered monies over to the Association."). Michigan courts have found that when "a member recovers from a third-party an amount for which it has already been reimbursed by the Association, the member shall promptly turn such recovered monies over to the Association to the extent of any reimbursement theretofore received." *Farmers Insurance Exchange v. Titan Insurance Co.*, 651 N.W.2d 428, 431 (Mich. Ct. App. 2002), *appeal denied*, 655 N.W.2d 560 (Mich. 2002). Prior reimbursement from MCCA fails to bar recovery by Plaintiff of monies paid out to Defendant.[3]

### C. Res Judicata and Collateral Estoppel

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state court judgment "the same preclusive effect it would have under the law of the state whose court issued the judgment." *Heyliger v. State Univ. and Cmty. College Sys. of Tennessee*, 126 F.3d 849 851-52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)). Under Michigan law, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847 (Mich. Ct.

---

[3]This does not, however, abrogate any duty of Plaintiff to turn over recovered monies to MCCA under the MCCA plan of operation.

8

App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* (citation omitted). Similarly, for collateral estoppel to bar litigation, "three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-846 (Mich. 2004) (quoting *Storey v. Meijer, Inc.*, 429 N.W.2d 169, 171 n. 3 (1988)); *Senior Accountants, Analysts and Appraisers Ass'n v. City of Detroit*, 249 N.W.2d 121, 125 (Mich. 1976) ("Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between parties in a subsequent action on a different cause of action.").

To determine whether res judicata or collateral estoppel bars Plaintiff's case, as Defendant argues, the court need consider only whether Defendant was a party or privy to the Oakland County Circuit Court case.[4] Under Michigan law, a judgment in which an individual serves as next friend has no preclusive effect with respect to the next friend, but only with respect to the parties to the litigation. *Gumienny v. Hess*, 280 N.W. 809, 810 (Mich. 1938) ("[A] judgment in action by one is not res judicata or a bar in action by the other. The parent is not bound by the judgment in the child's action

---

[4]To the extent that Defendant's argument is that the release, (11/22/2004 State Court Order, Def.'s Mot. at Ex. 1), bars Plaintiff from suit, such argument is insufficient because any ambiguity in the release regarding who was a party to the release and what Plaintiff actually released is an issue more properly reserved for finders of fact.

merely because he acted as next friend, guardian ad litem or guardian, except where he has permitted the child to recover or litigate the right to damages which would otherwise belong to him, nor is such a judgment evidence in his behalf in his own action."); *see also Arritt v. Fisher*, 282 N.W. 200 (Mich. 1938) ("The parent is not regarded in law as either a party or privy to an action brought by a child and hence is not bound by the judgment thereunder."). While Defendant served as next friend in the Oakland County Circuit Court case, this fact fails to bind her to the decision in that case. (11/22/2004 State Court Order, Def.'s at Mot. Ex. 1.) Not only is such a result commanded by law, any other decision would be incongruous with the necessity to have individuals who are willing to serve as next friends. That the Plaintiff directed payment to Defendant herself is no different than if they had sent payment to a hospital for services rendered to Fecchia Hawkins. Neither will collateral estoppel bar Plaintiff's suit because no mutuality of estoppel exists between Plaintiff and Defendant in the prior state court case.

### D. *Rooker-Feldman*

Finally, Defendant argues that this case should be dismissed under the *Rooker-Feldman* doctrine. Generally, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine). The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257*. Tropf v. Fidelity Nat. Title Ins. Co.*,

289 F.3d 929, 936 (6th Cir. 2002). The Supreme Court reaffirmed and clarified the doctrine, holding that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, 540 U.S. 280, 284 (2005). The Supreme Court, however, also stated that even if "a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," jurisdiction still exists.[5] *Id.* at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). Additionally, the Sixth Circuit has held that when a defendant alleges fraud during the course of a state court proceeding, such an accusation does not allege an injury by the state court proceeding itself, and therefore *Rooker-Feldman* will not bar the federal suit. *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008) (discussing *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006)).

As discussed above, Defendant was not a party to the state court litigation despite serving as Next Friend to Fecchia Hawkins. Contrary to Defendant's argument that Plaintiff is precisely the "state-court loser[]" that *Rooker-Feldman* precludes from federal court, *Exxon Mobil Corporation*, 540 U.S. at 284, Plaintiff presents an "independent claim" against Defendant, *id.* at 293. Plaintiff does not seek to change the

---

[5]The court notes that, while state law requires mutuality of estoppel in order to bar a suit, the Sixth Circuit has held that the *Rooker-Feldman* doctrine does not have the same mutuality requirement. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("[T]he *Rooker-Feldman* doctrine does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court.").

outcome of the state court case by altering its settlement with Fecchia Hawkins. Plaintiff seeks to recover damages from Defendant for Defendant's own actions of alleged fraud and unjust enrichment, not "an injury caused by the state court judgment." *Lawrence*, 531 F.3d at 369. *Rooker-Feldman* does not bar this court's jurisdiction over this case.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the Defendant's "Motion for Summary Judgment and/or Motion to Dismiss" [Dkt. # 24] is DENIED.

IT IS FURTHER ORDERED that the September 3, 2008 hearing is CONVERTED to a status conference.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 2, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522