**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                       Case No. 08-CV-10367-DT

DEANNA HAWKINS,

    Defendant.
                                           /

**OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION TO COMPEL DEFENDANT TO ANSWER DEPOSITION QUESTIONS" AND GRANTING PLAINTIFF'S "MOTION TO EXTEND DISCOVERY BY [NINETY] DAYS"**

Pending before the court are Plaintiff State Farm Mutual Automobile Insurance Company's "Motion to Compel Defendant to Answer Deposition Questions," filed on September 30, 2008, and "Motion to Extend Discovery by [Ninety] Days," filed November 13, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant both motions.

## I. BACKGROUND

Plaintiff filed the instant lawsuit against Defendant Deanna Hawkins ("Deanna" or "Defendant") alleging fraud and unjust enrichment for damages totaling $346,696.00. (Pl.'s Mot. ¶¶ 1-2.) Plaintiff alleges that Defendant made false insurance claims for attendant care services paid by Plaintiff for care of Defendant's niece, Fecchia Hawkins ("Fecchia"), and that Defendant did not in fact provide the attendant care services to Fecchia. (Pl.'s Mot. ¶¶ 1-2.)

On June 28, 2008, Plaintiff's counsel traveled to Beaumont, Texas to depose Defendant. (Pl.'s Mot. ¶ 3.) Plaintiff alleges that during the deposition, Defendant's counsel, Dean Greenblatt, made numerous objections and inappropriately instructed his client not to answer questions. (Pl.'s Mot. ¶¶ 4-5.) In addition, Defendant's counsel asserted the attorney-client privilege regarding questions about documents ("Documents") Defendant prepared for her previous attorney, Arthur Liss. Attorney Liss represented Defendant in recovering payment owed to her by Plaintiff in prior litigation which ended in settlement.[1] (Pl.'s Mot. at 3-4.) The Documents allegedly contain records of the frequency and kind of attendant care services Defendant provided to Fecchia. (Pl.'s Mot. at 4.) Because neither party has described the Documents in detail, and because Defendant's counsel refused to allow Defendant to answer many questions at deposition, it is not clear exactly what the Documents consist of. However, it appears that the Documents consist of forms, prepared either by Defendant's former attorney Liss or by an insurance company. The Documents were then apparently filled out by Defendant and returned by mail to attorney Liss. It remains unclear whether a third party had access to these documents such that they were not confidential, and whether any individual or entity prepared them for the purpose of legal advice or simply for the purpose of insurance company reimbursment.

Plaintiff seeks to compel Defendant to answer the questions asked at the June 28, 2008 deposition and to extend the time for discovery. Plaintiff has also asked to

---

[1] Plaintiff has subpoenaed Liss for the Documents, pursuant to Federal Rule of Civil Procedure 45. (Pl.'s Mot. at 4 n.1.)

recover the costs and fees for this motion and to recover travel and expenses for any subsequent deposition.

## II. STANDARD

Federal Rule of Civil Procedure 37 allows this court to compel a deponent to answer questions asked of the deponent. The Rule states: "A party seeking discovery may move for an order compelling answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i).

Under the Federal Rules of Civil Procedure discovery is generally broad and generous. Federal Rule of Civil Procedure 26(b) governs the scope of discovery, which extends to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The burden to show that a matter is not discoverable because it is privileged rests upon the party asserting privilege. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000). To demonstrate privilege, the Federal Rules of Civil Procedure require the party asserting privilege to "describe the nature of the documents, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

In civil actions in which the law of the state provides the elements of a claim or defense, "the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. Because this case is before the court on the basis of diversity jurisdiction, Michigan law governs

an assertion of privilege, as provided by case law and modified by statute or court rule. Mich. R. Evid. 501.

## III. DISCUSSION

### A. Motion to Compel

Plaintiff argues that Defendant's counsel has improperly asserted the attorney-client privilege regarding the frequency, the nature, and the content of the Documents which Defendant prepared for her previous attorney Liss. (Pl.'s Mot. at 9.) Defendant maintains that Plaintiff may depose Defendant regarding her knowledge of the facts underlying the information contained in the Documents, (e.g., the types of services Defendant performed for Fecchia and the frequency with which she did so, but Plaintiff may not question Defendant about the Documents themselves). (Def.'s Resp. at 6-7.)

The attorney-client privilege allows "full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Leibel v. Gen. Motors Corp.*, 646 N.W.2d 179, 184 (Mich. Ct. App. 2002). Under Michigan law,

> [t]he attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. The scope of the attorney-client privilege is *narrow*, attaching only to *confidential communications* by the client to his advisor that are made *for the purpose of obtaining legal advice*.

*Leibel*, 646 N.W.2d at 183 (emphasis added). The privilege, however, cannot protect the actual facts underlying the information contained in a communication between attorney and client; the privilege protects only confidential communications between attorney and client. *Reed Dairy Farm v. Consumers Power Co.*, 576 N.W.2d 709, 712 (Mich. Ct. App. 1998) ("Thus, clients and their agents must disclose on request any

4

relevant fact within their knowledge even if it incorporated a statement of that fact into a communication to the attorney.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)). For example, even though a client revealed to his attorney, "I was very near the scene of the crime Saturday," the client would nonetheless be required to answer a question about underlying facts such as, "Were you nearby in a position to see the events on Saturday?" This prevents a person from attempting to shield information from discovery merely by communicating the information to the person's attorney. *See Fruehauf Trailer Corp. v. Hagelthorn*, 528 N.W.2d 778, 781 (Mich. Ct. App. 1995), *appeal denied* 543 N.W.2d 314 (Mich. 1995). However, even if the underlying facts are discoverable, the communications between the client and her attorney may still be covered by the privilege. *See id.* ("Thus, a client may not be compelled to reveal what it said or wrote to its attorney, but it may not refuse to disclose any relevant fact within its knowledge merely because it incorporated a statement of that fact into its communication to the attorney.") (citing *Upjohn*, 449 U.S. at 396).

Three broad categories of discovery are at issue in the parties' briefs. Plaintiff seeks to compel Defendant to testify to 1) the facts regarding the timing and frequency of Defendant's communication with her attorney,[2] 2) the form of the Documents and the information Defendant stated therein, and 3) the facts underlying Defendant's communication with her attorney regarding Defendant's actual care of Fecchia. (Pl.'s Mot. at 9.) At Defendant's June 28, 2008 deposition, Plaintiff's counsel primarily asked

---

[2] For example, Plaintiff's attorney asked Defendant at her June 28, 2008 deposition, "And would you do this on a weekly, monthly basis or how often would you have to fill out the forms?" (Def.'s Dep. at 58.)

5

Defendant questions regarding the first and third categories, and Defendant's counsel repeatedly invoked the attorney-client privilege.[3]

The first category of questions, questions regarding the timing and frequency of Defendant's communication with attorney Liss, do not violate the attorney-client privilege. Such questions do not constitute a "confidential communication by the client to his advisor that [was] made for the purpose of obtaining legal advice" because they do not require Defendant to reveal anything regarding the information actually conveyed by a possibly confidential communication. *See Leibel*, 646 N.W.2d at 183. Rather, such questions only require Defendant to state whether she mailed a letter or form to her attorney on a specific occasion, whether she continued mailing him letters or forms after a certain date, and so on. Defendant could not refuse to answer the question, "Did you phone your attorney on January 7, 2008?" because the question merely asks about Defendant's own conduct. Such a question is akin to asking Defendant whether she posted a letter on a particular date and, as a result, does not disclose confidential information. Furthermore, Michigan law explicitly states that the scope of the privilege is "narrow" and extends only for the purpose of insuring that a client will divulge all necessary information to his attorney so that the administration of justice may thereby be advanced. *Leibel*, 646 N.W.2d at 183-84. Thus, the attorney-client privilege does

---

[3] Defense counsel also invoked the work-product privilege at the deposition; however, neither party addressed this issue in their briefs on this motion, and thus the question is not before the court.

not prohibit questions regarding facts about the frequency and timing of Defendant's communications with her attorney.

The second category of questions, questions regarding the form of the Documents and what was contained in them,[4] would be privileged if they were "confidential communication[s]" that were "made for the purpose of obtaining legal advice." *See Leibel*, 646 N.W.2d at 183. However, Defendant has not made clear either that the communications were "confidential," or that they were made for the purpose of obtaining "legal advice." *See id.* In her response, Defendant merely asserts, with no supporting affidavit, that her attorney used the Documents to prepare for litigation. (Def.'s Resp. at 6.) Defendant might prevail with actual evidence advanced, but mere assertions are insufficient to establish a claim that the Documents were created for the purpose of legal advice, and therefore privileged. *See Fruehauf Trailer Corp.*, 528 N.W.2d at 781 ("Thus, a client may not be compelled to reveal what it said or wrote to its attorney, but it may not refuse to disclose any relevant fact within its knowledge merely because it incorporated a statement of that fact into its communication to the attorney.") (citing *Upjohn*, 449 U.S. at 396). Plaintiff asserts – with as little substantiation as Defendant – that the Documents were nothing more than forms Defendant filled out for the purpose of insurance reimbursement. (Pl.'s Mot. at 9.)

---

[4] The parties are not clear regarding whether they disagree about the second category of information, the specific content of the Documents. Plaintiff did not question Defendant extensively about this during the June 28, 2008 deposition. (Def.'s Dep. at 67.) In addition, Plaintiff specifically states in its reply brief that it does not seek the "specific content of [the] communications." (Pl.'s Reply at 3.) However, both Plaintiff and Defendant make references to seeking the "content" or "contents" of the Documents in their briefs. (Pl.'s Mot. at 9; Def.'s Resp. at 3.)

7

Plaintiff argues, with some force, that the attorney-client privilege would not protect Documents that are neither "confidential" nor "for the purpose of obtaining legal advice," but only sent to a third party insurance company for reimbursement. *See Leibel*, 646 N.W.2d at 183; *Owen v. Birmingham Fed. Sav. and Loan Ass'n*, 183 N.W.2d 403, 409 (Mich. App. Ct. 1971). Neither party therefore has provided the court with any supported facts sufficient to make a privilege determination. Because the burden to demonstrate privilege rests upon the asserting party, *Infosystems, Inc.*, 197 F.R.D. at 306, and Defendant has not carried this burden,[5] the court cannot find that the Documents, or any information contained therein, are privileged.

The third category of questions, questions regarding the actual facts of Defendant's care for Fecchia, regardless of whether Defendant communicated them to her attorney Liss, are discoverable.[6] *See Reed Dairy Farm*, 576 N.W.2d at 712; *Fruehauf Trailer Corp.*, 528 N.W.2d at 781. These questions constitute underlying facts of which Defendant has direct knowledge, (e.g., what services she provided Fecchia on a daily basis, the time period for which she cared for Fecchia). Defendant cannot cloak such facts with the attorney-client privilege merely by communicating them to her attorney. *Fruehauf Trailer Corp.*, 528 N.W.2d at 781. Defendant must answer

---

[5] Generally, a party would submit a privilege log, or some other method of demonstrating to the court that the attorney-client privilege protects the party from discovery of certain information or documents. However, Defendant has made no such submission in this case.

[6] Defendant's attorney appears to have suggested answers to Defendant at least once during the June 28, 2008 deposition, (*see, e.g.*, Def.'s Dep. at 35, lines 16-17: "If you don't know, you don't know."). Coaching a witness in deposition is unacceptable conduct. If such conduct were clearly established, especially in subsequent depositions, the court would anticipate one or more sanctions motions.

questions regarding her day-to-day care of Fecchia. Therefore, the court will grant Plaintiff's motion to compel Defendant to answer deposition questions.

### B. Rule 37 Sanctions

Plaintiff has also requested that the court sanction defense counsel pursuant to Federal Rule of Civil Procedure 37 for costs and travel expenses incurred for both the filing of Plaintiff's motion to compel and a second deposition of Defendant. The relevant portion of Rule 37 states:

> If the motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objections was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Rule 37 compels the court to levy sanctions unless one of the exceptions is met. Furthermore, the advisory committee's notes to Rule[7] explain that the structure of the rule "is intended to encourage judges to be more alert to abuses occurring in the discovery process," especially because "the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous request for or objections to discovery." Fed. R. Civ. P. 37(a) advisory committee's notes (1970). *See also Cunningham v. Hamilton*

---

[7] The advisory committee's notes address Rule 37(a)(4); however, the December 1, 2007 amendments to the Rules have renumbered Rule 37 so that this language now appears as Rule 37(a)(5). Fed. R. Civ. P. 37 advisory committee's note (2007); *Acker v. Workhorse Sales Corp.*, No. 06-14467, 2008 WL 1902034, at *3 n.1 (E.D. Mich. April 28, 2008).

9

*County*, 527 U.S. 198, 209 n.5 (1999). The award of discovery sanctions is a matter for the district court's discretion, an abuse of which discretion exists only if the decision is based on 1) an erroneous conclusion of law, 2) findings that are clearly erroneous, or 3) is itself a clearly unreasonable, arbitrary, or fanciful decision. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Stough v. Mayville Cmty Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Harmon v. CSX Transp.*, 110 F.3d 364, 366 (6th Cir. 1997)).

Because the court will grant Plaintiff's motion to compel discovery, the court "must" impose Rule 37 sanctions, unless any of the exceptions counsels against their imposition. In considering this, the court first observes that Plaintiff has met Rule 37's other requirements. First, the court afforded both parties an opportunity to be heard in their supporting briefs regarding the appropriateness of Rule 37 sanctions. *See* Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Civ. P. 37(a) advisory committee's notes (1970); *Johnson v. Cleveland Heights/Univ. Heights Sch. Dist.*, No. 94-3523, 1995 WL 527365, *3 (6th Cir. Sept. 6, 1995) (recognizing that written submissions satisfied the requirement that the court afford a party an opportunity to be heard).[8] Second, Plaintiff's counsel also attempted "in good faith to obtain the . . . discovery without court action" by attempting to resolve the dispute with defense counsel, both during the deposition through discussions regarding privilege and an attempt to contact this court (*see, e.g.,* Def.'s

---

[8] The court acknowledges that unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 593 (6th Cir. 2004).

Dep. at 66), and by seeking concurrence pursuant to Eastern District of Michigan Local Rule 7.1(a).  *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

While Plaintiff has met Rule 37's threshold requirements as outlined above, none of the Rule's three exceptions have been satisfied.  First, neither Defendant's conduct nor her counsel's conduct, in refusing to answer many of Plaintiff's counsel's questions, was "substantially justified."  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).  Defense counsel's numerous objections, interruptions, and at least one apparent suggestion of testimony to his client during her deposition were obviously intended to prevent Defendant from being required to answer Plaintiff counsel's appropriate questions.  This constitutes a gross obstruction, which cannot be "substantially justified."  *See Pierce v. Underwood*, 487 U.S. 552, 567 (1988) (stating that in the context of Rule 37, "substantially justified" means "justified in the substance or in the main").  In addition, Defendant offered only bald assertions regarding why information about the Documents is privileged and merely quoted case law that stated the legal standard, providing little legal support or analysis as to why the standard applied to her although it was Defendant's burden to demonstrate privilege.  *See id.; see, e.g., Williams v. Cochran*, No. 98-5136, 1999 WL 164911, *2 (6th Cir. March 12, 1999).  Finally, no other circumstances exist which would render an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

For the foregoing reasons, the court will order defense counsel to pay Plaintiff's "reasonable expenses incurred in making [this] motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A), as requested by Plaintiff (Pl.'s Mot. at 9).  Because Rule 37(a)(5) does not grant the authority to impose additional sanctions, and Plaintiff has presented

no other authority by which the court could do so, this court cannot order defense counsel to pay the costs or travel expenses for a second deposition of Defendant.

### C. Motion to Extend Discovery

Plaintiff has also moved the court for a ninety day extension of discovery. Because of extenuating circumstances for Plaintiff's counsel, and because Defendant has, in effect, acquiesced to the extension of discovery in her response (Def.'s Resp. Ext. at 3),[9] the court will grant Plaintiff's motion to extend discovery.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to Compel Defendant to Answer Deposition Questions," [Dkt. # 34] is GRANTED.

IT IS FURTHER ORDERED that defense counsel Dean Greenblatt shall pay the reasonable expenses and attorney's fees incurred in making this motion. Within **seven days** of this order, Plaintiff's counsel shall present his reasonable bill of fees for this matter to Defendant's counsel. Within **seven days** thereafter, defense counsel shall pay the amount, or should there be any objections, file the objections and the accompanying bill with the court. The court also instructs the parties to notify the court regarding when a subsequent deposition will occur so that the parties may contact the court should any objections arise during that deposition.

---

[9] Specifically, Defendant stated in her response, "If this Court rules in favor of the Plaintiff on any of its several pending motions, the reopening of discovery remains a tool better suited than supporting the continuing discovery abuse by Plaintiff." (Def.'s Resp. Ext. at 3.)

Finally, IT IS ORDERED that Plaintiff's "Motion to Extend Discovery [Ninety] by Days" [Dkt. # 39] is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 23, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522