**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                            Case No. 08-10367

DEANNA HAWKINS,

    Defendant.
                                                    /

**OPINION AND ORDER GRANTING THIRD PARTY WITNESS'S MOTION FOR
PROTECTIVE ORDER AND DENYING AS MOOT THIRD PARTY WITNESSES'
MOTION FOR STAY**

Pending before the court are a motion for a protective order filed by third-party-witness Liss, Seder, & Andrews, P.C. ("the Liss Firm") on June 9, 2010, and a motion for an emergency stay filed by third-party-witnesses the Liss Firm and Arthur Liss on June 11, 2010. On June 4, 2010, the court issued an order directing the Liss Firm to produce to Plaintiff certain documents identified in privilege logs as being protected by the attorney-client privilege, because Plaintiff had met its burden of showing that the crime-fraud exception applies. The Liss Firm now asks the court to issue a protective order limiting Plaintiff's use of the produced documents[1] to litigating the claims presented in this case. The Liss Firm argues that a protective order preventing Plaintiff from using the documents in other cases is necessary to avoid "annoyance, embarrassment, [or] oppression." (Liss Firm's Mot. for Protective Order 2.)

---

[1] The Liss Firm's motion for protective order as well as this order concern only those documents identified in the Liss Firm's "Privilege Log Relative to Subpoenas Dated September 10, 2008 and September 17, 2008."

Federal Rule of Civil Procedure 26 states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c)(1). The rule "requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion is either granted or denied." *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998) (citing *In re Eli Lilly & Co.*, 142 F.R.D. 454, 456 (S.D. Ind. 1992)); *see also Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 722 (6th Cir. 1996). However, the party seeking a protective order has the burden to demonstrate good cause with specificity; broad allegations are insufficient. Fed. R. Civ. P. 26(c); *Lewis v. St. Luke's Hosp. Ass'n*, No. 96-4147, 1997 WL 778410, at *3-4 (6th Cir. Dec. 9, 1997). The court finds that—at this time—there appears to be good cause to issue a protective order limiting the use of the documents to this case. The court ordered the third-party witnesses to produce the documents that are the subject of this motion because, though they may be protected by the attorney-client privilege, Plaintiff met its burden regarding the crime-fraud exception. (6/4/2010 Order 9-10.) But, ultimately, the documents may not actually fall under the crime-fraud exception, because the threshold crime-fraud showing is fairly low: a requesting party must "show that there is a *reasonable basis* to (1) suspect the perpetration or attempted perpetration of a crime of fraud and (2) that the communications were in furtherance thereof." (6/4/2010 Order 10 (emphasis added).) Accordingly, the court will grant the Liss Firm's motion for a protective order to

help protect the confidentiality of the documents in case they were not actually used in furtherance of crime or fraud. *See Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384 (5th Cir. 1980) ("[W]hen a trial court orders production of confidential records, it has a duty to limit the availability and use of the documents by carefully drawn protective provisions.").

The court appreciates that this concern may vanish upon inspection of the documents should they be revealed to have been used in furtherance of crime or fraud. Moreover, the court realizes that Plaintiff has not yet responded to the third-party witnesses' motions. Accordingly, this order will be without prejudice to Plaintiff's ability to file, upon review of the produced documents, a motion to undue the protection of this order concerning some or all of the subject documents.

Because the Liss Firm's motion for a protective order will be granted, its motion for a stay is moot. Accordingly,

IT IS ORDERED that the Liss Firm's "Motion for Protective Order" [Dkt. # 93] is GRANTED WITHOUT PREJUDICE to Plaintiff's ability to file a motion to lift the protective order. The Liss Firm is directed to consult with Plaintiff in an attempt to agree upon a proposed protective order consistent with this order and to submit the same forthwith.

IT IS FURTHER ORDERED that the third-party witnesses' "Motion to Stay" [Dkt. # 94] is DENIED AS MOOT.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 16, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 16, 2010, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522