# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.                              Case No. 08-10367

DEANNA HAWKINS,

      Defendant.

_____/

## OPINION AND ORDER DIRECTING THIRD-PARTY WITNESSES
## TO PRODUCE CERTAIN DOCUMENTS

On June 4, 2010, the court ordered third-party witnesses Liss, Seder, & Andrews, P.C. ("the Firm"), and attorney Arthur Y. Liss ("Liss") to produce to the court for in camera review all of the documents listed in the "Privilege Log Relative to Communication with Dean Greenblatt." The third-party witnesses have produced 130 documents and the court has inspected them to determined whether their claims of privilege are proper. In many cases, the privilege claim was unsupported, and the court will therefore order the third-party witnesses to produce some of the documents to Plaintiff.

## I. BACKGROUND

The factual background of this case has been described in numerous other opinions, so the description here will be brief. Suffice it say, Plaintiff believes that

Defendant defrauded it of hundreds of thousands of dollars by submitting claims for attendant care that she did not give. Plaintiff has also argued that this fraud was perpetuated, knowingly or unknowingly, with the aid of the Firm's legal counsel.

The necessity of this order arises from Plaintiff's discovery requests. Plaintiff served four subpoenas on the third-party witnesses: two on the Firm and two on Liss. The third-party witnesses withheld hundreds of responsive documents and produced three privilege logs. Plaintiff then filed two motions to compel the production of documents, one concerning both subpoenas issued against the Firm, and the other concerning a subpoena issued against attorney Liss. Liss and the Firm filed a motion for a protective order concerning all four subpoenas. On June 4, 2010, based largely on the crime-fraud exception, the court ordered the Firm to produce all of the documents that it claimed were privileged. But the court also found that Liss may have had a proper privilege claim, and so it ordered Liss to produce to the court for in camera review all of the documents listed in his "Privilege Log Relative to Communication with Dean Greenblatt" to allow the court to evaluate his assertion of privilege.

## II. STANDARD

The third-party witnesses have asserted mainly two bases for withholding the documents: the work product doctrine and the common interest exception to waiver of the attorney client privilege. As the court stated in its June 4, 2010 Order:

> The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process. *See Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947). The work-product doctrine is a procedural rule of federal law; thus, Federal

Rule of Civil Procedure 26 governs this diversity case. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Rule 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative." *Id.*

(6/4/2010 Order 11 (quoting *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009).)

Also, in the June 4, 2010 Order, the court reasoned that the Michigan Supreme Court, which has yet to consider the existence of the common interest exception, would adopt a formulation consistent with the Restatement's.

The common interest exception may apply where the parties are represented by separate attorneys but share a common legal interest.

If two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged under §§ 68-72 that relates to the matter is privileged as against third persons. Any such client may invoke the privilege, unless it has been waived by the client who made the communication.

Restatement § 76. . . .

. . .

[Under the common interest exception,] privileged communications between an attorney and client are not waived when they are revealed to an allied lawyer, provided that the person asserting the privilege shows that the attorney-client privilege applies to the underlying attorney-client communication. After the underlying communication is determined to be privileged, the common interest exception's other requirements must be met, e.g., the communication must be related to a common litigation interest.

(6/4/2010 Order 12-14.)

## III. DISCUSSION

For most of the documents here the resolution of whether the privilege claim was proper was a simple application of the rules after consideration of the particular document's nature. The results of the court's analysis are listed in the table below.

One problem with the third-party witnesses' claims of privilege was pervasive; nearly every time the third-party witnesses claimed the common interest exception, the court found that it did not apply. It appears that the third-party witnesses applied an overly broad and incorrect interpretation of the common interest exception: that any communication between Firm attorneys and Greenblatt were privileged because they were in a common interest arrangement. But, as the court stated in the June 4, 2010 Order, this is not the case. The common interest exception is an *exception to when the attorney client privilege is waived.* It is not a separate privilege. Accordingly, for it to apply there must be an underlying privileged communication between the Firm and a Firm attorney or between Defendant and Greenblatt. The common interest exception then acts to preserve the privilege when the communication is passed between Greenblatt and a Firm attorney.

The third document in the privilege log[1] is a typical example. The document is an

---

[1] The third-party witnesses numbered neither the privilege log entries nor the documents that they submitted. The numbers in the table below were added by the court. Entries in the privilege log were matched with the submitted documents by considering the document's date, recipient, and sender. In numerous cases, where there were several documents in a row with the same date, recipient, and sender, this procedure proved somewhat difficult. The process was further complicated by the fact that one multi-page, stapled, email chain could correspond to multiple privilege log entries. Nonetheless the court was able to number, with some effort, the documents and uniquely match them to the privilege log entries by considering the pattern of dates; e.g., three June 30, 2008 documents were followed by two June 29, 2008 documents,

email from Greenblatt to Liss, informing him of a hearing on Plaintiff's motion to lift the bankruptcy stay and forwarding to Liss Defendant's bankruptcy attorney's response. Greenblatt is not revealing a communication from Defendant to a Firm attorney, but rather he is simply sending a filed brief and notice of a hearing.  The common interest exception is therefore inapplicable.  And, given the absence of another claim of privilege and considering that the "burden of establishing the existence of [a] privilege rests with the person asserting it," *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir.1999), the document must be produced.

Two entries in the privilege log did not have complete, corresponding documents: Nos. 103 & 128.  The court will order the third party witnesses to produce complete copies of these documents for in camera inspection.

The table below lists that court's determination of whether the claimed privileges apply and gives a brief description of the court's reasoning.

| No. | Document Description | Claimed Privilege | Produce? | Reasoning |
|---|---|---|---|---|
| 1 | 09-30-09 Email from David O'Brien to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion brief for Defendant. |
| 2 | 08-12-09 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing legal analysis of bankruptcy proceedings prepared for Defendant. |
| 3 | 08-06-09 Email from Dean Greenblatt to | Joint Defense/Common | Yes. | No underlying confidential |

which was followed by one June 18, 2008 document.

| | | | | |
|---|---|---|---|---|
| | Arthur Liss with attachment | Interest | | communication between Greenblatt and Defendant. |
| 4 | 06-19-09 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. |
| 5 | 03-25-09 Email from Dean Greenblatt to Tom Cranmer and David O'Brien copying Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. |
| 6 | 03-15-09 Email from Tom Cranmer to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing legal analysis of bankruptcy proceedings prepared for Defendant. |
| 7 | 03-15-09 Email from Dean Greenblatt to Tom Cranmer and David O'Brien with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. |
| 8 | 03-13-09 Email from Tom Cranmer to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing analysis of State Farm's anticipated legal strategy in this case. |
| 9 | 03-13-09 Email from Dean Greenblatt to Tom Cranmer and David O'Brien | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. |
| 10 | 02-16-09 Email from Dean Greenblatt to Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. Statement of attorneys fees owed to Greenblatt by Defendant is not subject to the attorney |

| | | | | client privilege because the communication is the execution of the attorney's ministerial duties and not made for the purpose of obtaining legal advice. *See U.S. Fire Ins. Co. v. Citizens Ins. Co. of Am.*, 402 N.W.2d 11, 13 (Mich. Ct. App. 1986). |
|---|---|---|---|---|
| 11 | 02-16-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. This is an email to a third party that was forwarded to an attorney in the common-interest arrangement. As such, there is no confidential communication. |
| 12 | 02-13-09 Fax from Nancy Glorio to Dean Greenblatt | Joint Defense/Common Interest | Yes/No. | The fax cover sheet contains communications between the Firm and the attorneys representing the Firm. The cover sheet is privileged.<br><br>But the attached letter contains no underlying confidential communication, because it is a letter from Plaintiff to Greenblatt. It should |

| | | | | be produced. |
|---|---|---|---|---|
| 13 | 02-11-09 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: blank email with attached transcript of Defendant's deposition. |
| 14 | 02-09-09 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding correspondence between Plaintiff and Greenblatt to the Firm. |
| 15 | 02-03-09 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt to the Firm forwarding Plaintiff's discovery requests. |
| 16 | 02-02-09 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: blank email with transcript of Karen Kahn's deposition. |
| 17 | 02-02-09 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest Work Product Doctrine | Yes/No. | The email cover letter is work product because it contains Greenblatt's impressions concerning Plaintiff's deposition activities. But the attached discovery requests made by Plaintiff contain no underlying confidential communication nor are they work product, because Plaintiff generated the |

| | | | | materials. |
|---|---|---|---|---|
| 18 | 01-30-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's request for dates to depose Defendant. |
| 19 | 01-30-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: blank email forwarding correspondence between Plaintiff and Greenblatt. |
| 20 | 01-29-09 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: blank email forwarding correspondence between Plaintiff and Greenblatt. |
| 21 | 01-23-09 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt to the Firm forwarding Plaintiff's correspondence with the court. |
| 22 | 01-22-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding correspondence between Plaintiff and Greenblatt. |
| 23 | 01-20-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding discovery mechanics. |
| 24 | 01-19-09 Email from | Joint | Yes. | No underlying |

| | | | | confidential communication: email correspondence between Firm attorney and Greenblatt regarding discovery mechanics. |
|---|---|---|---|---|
| | Nicholas Andrews to Dean Greenblatt | Defense/Common Interest | | |
| 25 | 01-15-09 E-mail from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: Draft witness list produced for Defendant by a Firm attorney. |
| 26 | 01-14-09 Email from Dean Greenblatt to Nancy Glorio | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 27 | 01-14-09 Email from Nancy Glorio to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 28 | 01-13-09 Email from Dean Greenblatt to Nancy Glorio | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 29 | 01-13-09 Email from Nancy Glorio to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 30 | 01-13-09 Email from | Joint | Yes. | No underlying |

| | | | | |
|---|---|---|---|---|
| | Nancy Glorio to Dean Greenblatt | Defense/Common Interest | | confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 31 | 01-13-09 Email from Dean Greenblatt to Nancy Glorio | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 32 | 01-13-09 Email from Nancy Glorio to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 33 | 01-12-09 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email correspondence between Firm attorney and Greenblatt regarding scheduling a meeting. |
| 34 | 01-12-09 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's objections to Defendant's discovery requests. |
| 35 | 01-08-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft discovery requests drafted for Plaintiff. |
| 36 | 01-06-09 Email from Dean Greenblatt to | Joint Defense/Common | No. | Work product: draft discovery requests |

| | Nicholas Andrews | Interest<br>Work Product<br>Doctrine | | produced for Plaintiff. |
|---|---|---|---|---|
| 37 | 01-05-09 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's questions concerning Defendant's witness list. |
| 38 | 01-05-09 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email requesting copy of Defendant's draft discovery requests. |
| 39 | 12-29-09 Email Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: draft of Defendant's "final" witness list. |
| 40 | 12-29-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed witness list. |
| 41 | 12-29-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email containing litigation strategy and draft discovery requests. |
| 42 | 12-23-08 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding one of the court's orders. |
| 43 | 12-20-08 E-mail from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email regarding appearance of new counsel for Plaintiff. |
| 44 | 12-17-08 E-mail from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest<br>Work Product | No. | Work product: email regarding discovery negotiations between Defendant and |

| | | Doctrine | | Plaintiff. |
|---|---|---|---|---|
| 45 | 12-16-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing draft motion. |
| 46 | 12-16-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding correspondence with Plaintiff. |
| 47 | 12-16-08 E-mail from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email updating Greenblatt on Firm attorney's progress on a draft motion. |
| 48 | 12-12-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft of a deposition subpoena. |
| 49 | 12-12-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest Work Product Doctrine | Yes. | Email forwarding correspondence with Plaintiff. (This email chain contains document No. 50, which should not be produced.) |
| 50 | 12-12-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing legal analysis of a discovery issue. |
| 51 | 12-11-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing analysis of discovery strategy. |
| 52 | 12-11-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product | Yes. | Email contains a notice of video deposition for another case. Accordingly, |

| | | Doctrine | | there is no underlying confidential communication and it is not work product created for Defendant. |
|----|----|----|----|----|
| 53 | 12-11-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing analysis of discovery strategy. |
| 54 | 12-11-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing draft discovery request. |
| 55 | 12-08-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing legal analysis of a discovery issue. |
| 56 | 12-08-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email forwarding a record review of a related court proceeding created by an unidentified person. |
| 57 | 12-08-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: legal analysis of Plaintiff's privilege claims. |
| 58 | 12-08-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion for Defendant. |
| 59 | 12-08-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: drafts of correspondence with Plaintiff and draft deposition notices. |
| 60 | 12-08-08 Email from Dean Greenblatt to Nicholas Andrews with | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email |

| | | | forwarding Plaintiff's answers to Defendant's interrogatories. |
|---|---|---|---|
| 61 | 12-08-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email requesting a copy of Plaintiff's discovery response. |
| 62 | 12-08-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft of Defendant's response to Plaintiff's discovery requests. |
| 63 | 12-04-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest Work Product Doctrine | Yes. | No underlying confidential communication, and the email is not work product; it is a request for Andrews to review a telephone message. |
| 64 | 11-18-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding discovery requests that Greenblatt sent to Plaintiff. |
| 65 | 11-17-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed Rule 26 initial disclosures. |
| 66 | 11-14-08 Email from Dean Greenblatt to Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding the court's scheduling order. |
| 67 | 10-20-08 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed response to |

| | | | | Defendant's motion to compel. |
|---|---|---|---|---|
| 68 | 10-20-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication between Greenblatt and Defendant. Statement of attorneys fees owed to Greenblatt by Defendant is not subject to the attorney client privilege because the communication is the execution of the attorney's ministerial duties and not made for the purpose of obtaining legal advice. *See U.S. Fire Ins. Co.*, 402 N.W.2d at 13. |
| 69 | 10-17-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email requesting whether Firm attorney has any objections to Plaintiff's interrogatories. |
| 70 | 10-17-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft objections to interrogatories. |
| 71 | 10-14-08 Email from Dean Greenbatt to Nicholas Andrews and Arthur Liss with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's interrogatories. |
| 72 | 10-13-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: Draft of Defendant's response to Plaintiff's motion to compel. |

| 73 | 10-10-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email requesting draft brief in a particular computer format. |
|----|---|---|---|---|
| 74 | 10-10-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: Draft of Defendant's response to Plaintiff's motion to compel. |
| 75 | 10-01-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed witness list. |
| 76 | 10-01-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing legal analysis of Plaintiff's and Defendant's witness lists. |
| 77 | 10-01-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing draft of Defendant's witness list. |
| 78 | 09-30-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed motion to compel. |
| 79 | 09-30-08 Email from Nicholas Andrews to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft witness list for Defendant. |
| 80 | 09-29-08 Email from Nicholas Andrews to Dean Greenblatt with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Plaintiff's filed witness list in a state court case. |
| 81 | 09-24-08 Email from Nicholas Andrews to | Joint Defense/Common | No. | Work product: draft witness list for |

| | | | | |
|---|---|---|---|---|
| | Dean Greenblatt with attachment | Interest<br>Work Product Doctrine | | Defendant. |
| 82 | 09-22-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachments | Joint Defense/Common Interest<br>Attorney-Client Privilege | No. | Email containing privileged communications between Greenblatt and Defendant. |
| 83 | 09-22-08 Email from Dean Greenblatt to Nicholas Andrews and Arthur Liss with attachments | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: draft witness list for Defendant. |
| 84 | 09-19-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email containing edits to interrogatories produced for Defendant. |
| 85 | 09-19-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email containing edits to interrogatories produced for Defendant. |
| 86 | 09-19-08 Email from Nicholas Andrews to Dean Greenblatt with attachments | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email containing draft and edits of interrogatories produced for Defendant. |
| 87 | 09-17-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest<br>Work Product Doctrine | No. | Work product: email containing legal analysis regarding Defendant's assertion of privilege during her deposition. |
| 88 | 09-11-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding correspondence with Plaintiff and forwarding one of the court's orders. |
| 89 | 09-02-08 Email from Dean Greenblatt to Nicholas Andrews and | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email |

| | | | | |
|---|---|---|---|---|
| | Arthur Liss with attachment | | | forwarding one of the court's orders. |
| 90 | 08-15-08 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email informing Firm attorney that a motion was filed. |
| 91 | 08-04-08 Email from Dean Greenblatt to Arthur Liss and Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Defendant's filed reply. |
| 92 | 08-04-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email thanking Greenblatt for sending filed brief. |
| 93 | 08-04-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft of response brief. |
| 94 | 07-28-08 Email from Dean Greenblatt to Nicholas Andrews and Jackie Benyo[1] with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding Defendant's filed response. |
| 95 | 07-03-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt stating that he followed the Firm attorney's instruction on filing a Rule 11 motion.  (Included in this email chain is the email listed in entry No. 98.  That email need not be produced, as stated below.) |

| 96 | 07-03-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt acknowledging the Firm attorney's instructions on filing a Rule 11 motion. |
|---|---|---|---|---|
| 97 | 07-03-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt forwarding ECF notice of motion filing. |
| 98 | 07-02-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing Firm attorney's motion strategy. |
| 99 | 07-02-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email from Greenblatt to opposing counsel. |
| 100 | 07-02-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing edits to motions. |
| 101 | 07-01-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing strategy for filing motions. |
| 102 | 07-01-08 Email from Nicholas Andrews to Dean Greenblatt with attachments | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft of a motion produced by Firm attorney for Defendant. |
| 103 | 07-01-08 Email from Nicholas Andrews to Dean Greenblatt with attachments | Joint Defense/Common Interest Work Product Doctrine | | **MISSING** |
| 104 | 06-30-08 Email from | Joint | Yes. | Blank emails |

| | | | | |
|---|---|---|---|---|
| | Dean Greenblatt to Nicholas Andrews and Nancy Glorio with attachment | Defense/Common Interest | | forwarding Defendant's deposition transcript. There is no underlying confidential communication, and it cannot be work product (or the privilege is, at least, waived) because Plaintiff has access to the transcript. |
| 105 | 06-30-08 Email from Nancy Glorio to Dean Greenblatt | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing Firm attorney's strategy for motion practice. |
| 106 | 06-30-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing strategy for motion practice. |
| 107 | 06-27-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion produced by Firm attorney for Defendant. |
| 108 | 06-25-08 Email from Nancy Glorio to Dean Greenbatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion produced by Firm attorney for Defendant. |
| 109 | 06-25-08 Email from Nancy Glorio to Dean Greenblatt with attachments | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion produced by Firm attorney for Defendant. |
| 110 | 06-25-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft of exhibits for motion produced by Firm attorney for Defendant. |
| 111 | 06-25-08 Email from Dean Greenblatt to Nancy Glorio | Joint Defense/Common Interest | No. | Work product: email containing Greenblatt's opinion |

| | | Work Product Doctrine | | on a motion. |
|---|---|---|---|---|
| 112 | 06-19-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing Greenblatt's strategy for this case. |
| 113 | 06-09-08 Email from Nancy Glorio to Dean Greenblatt with attachment | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email forwarding doctor's note. |
| 114 | 06-09-08 Email from Nancy Glorio to Dean Greenblatt with attachments | Joint Defense/Common Interest Work Product Doctrine Attorney-Client Privilege | Yes. | No underlying confidential communication: email forwarding state court order approving settlement. The email is not work product because it is a publically filed court order. |
| 115 | 06-04-08 Email from Dean Greenblatt to Nicholas Andrews with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing Greenblatt's thoughts and concerns regarding a deposition. |
| 116 | 05-27-08 Email from Nicholas Andrews to Dean Greenblatt | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email directing Greenblatt to make arrangements to attend deposition of Defendant. |
| 117 | 05-25-08 Email from Dean Greenblatt to Nicholas Andrews | Joint Defense/Common Interest | Yes. | No underlying confidential communication: email informing Firm attorney that Defendant's deposition would go forward. |
| 118 | 05-22-08 Email from Dean Greenblatt to | Joint Defense/Common | No. | Work product: Greenblatt's analysis |

| | | Nicholas Andrews | Interest<br>Work Product<br>Doctrine | | of deposition<br>scheduling. |
|---|---|---|---|---|---|
| 119 | 05-14-08<br>Correspondence from<br>Nicholas Andrews to<br>Dean Greenblatt with<br>enclosure | Joint<br>Defense/Common<br>Interest | Yes. | No underlying<br>confidential<br>communication: letter<br>containing<br>Defendant's affidavit,<br>which was sworn<br>before a notary and is<br>therefore not a<br>confidential<br>communication with<br>an attorney. |
| 120 | 04-29-08 Email from<br>Nicholas Andrews to<br>Dean Greenblatt with<br>attachments | Joint<br>Defense/Common<br>Interest<br>Work Product<br>Doctrine | No. | Work product: email<br>containing Firm<br>attorney's thoughts on<br>discovery strategy. |
| 121 | 04-28-09 Email from<br>Dean Greenblatt to<br>Nicholas Andrews | Joint<br>Defense/Common<br>Interest<br>Work Product<br>Doctrine | No. | Work product: email<br>containing<br>Greenblatt's thoughts<br>on discovery strategy. |
| 122 | 04-28-08 Email from<br>Dean Greenblatt to<br>Nicholas Andrews | Joint<br>Defense/Common<br>Interest | Yes. | No underlying<br>confidential<br>communication: email<br>forwarding<br>Defendant's filed<br>answer. |
| 123 | 04-28-08 Email from<br>Nicholas Andrews to<br>Dean Greenblatt with<br>attachment | Joint<br>Defense/Common<br>Interest<br>Work Product<br>Doctrine | No. | Work product: draft<br>answer produced by<br>Firm attorney for<br>Defendant. |
| 124 | 04-24-08 Email from<br>Dean Greenblatt to<br>Nicholas Andrews | Joint<br>Defense/Common<br>Interest | Yes. | No underlying<br>confidential<br>communication: email<br>stating that an answer<br>will be due soon and<br>asking how to<br>proceed. |
| 125 | 04-24-08<br>Correspondence from<br>Nicholas Andrews to | Joint<br>Defense/Common<br>Interest | No. | Confidential<br>communication<br>between Defendant |

| | | | | |
|---|---|---|---|---|
| | Deanna Hawkins copying Dean Greenblatt with enclosures | Work Product Doctrine Attorney-Client Privilege | | and Firm. |
| 126 | 04-18-08 Email from Dan Greenblatt to Nicholas Andrews and Nancy Glorio | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: email containing Greenblatt's analysis of scheduling conference. |
| 127 | 04-07-08 Email from Dean Greenblatt to Nicholas Andrews with attachments | Joint Defense/Common Interest | Yes. | No underlying confidential communication: blank email forwarding Plaintiff's motion to compel deposition. |
| 128 | 04-07-08 Email from Dean Greenblatt to Nancy Glorio with attachments | Joint Defense/Common Interest Work Product Doctrine | | **MISSING ATTACHMENTS.** |
| 129 | 04-01-08 Email from Dean Greenblatt to Nicholas Andrews and Nancy Glorio with attachment | Joint Defense/Common Interest Work Product Doctrine | No. | Work product: draft motion produced by Greenblatt for Defendant. |
| 130 | 04-01-08 Correspondence from Dean Greenblatt to Arthur Liss with enclosures | Joint Defense/Common Interest Work Product Doctrine Attorney-Client Privilege | No. | Privileged communication between Defendant and Greenblatt; privilege was not waived when Greenblatt shared the communication with the Firm because of the common interest exception. |

## IV. CONCLUSION

In accordance with the reasons and conclusions stated above,

IT IS ORDERED that the third-party witnesses are DIRECTED to produce the

documents so identified in the above table to Plaintiff on or before **July 23, 2010**.

24

IT IS FURTHER ORDERED that the third-party witnesses are DIRECTED to

produce to the court for in camera inspection document Nos. 103 & 128 on or before

**July 23, 2010**.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 14, 2010, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522