**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.                                     Case No. 08-10367

DEANNA HAWKINS,

        Defendant.

_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART WITNESSES'**
**OBJECTIONS TO STATE FARM'S PROPOSED ORDER AND**
**CLOSING DISCOVERY**

On February 10, 2011, the court entered an "Opinion and Order Granting in Part and Denying in Part Third-Party Witnesses' Motion to Quash and Granting Plaintiff's Motion to File the Liss Deposition Under Seal."  The order required Plaintiff to submit a proposed order modifying the subpoenas directed toward third-party witnesses Arthur Liss and Liss, Seder & Andrews, PC ("the Liss Firm"), by March 3, 2011, and set a March 10, 2011, deadline for the witnesses' objections.  Also on February 10, 2011, the court held a telephone status conference with counsel for Plaintiff, counsel for the witnesses, and attorney Dean Greenblatt, Defendant's former attorney in the case who was the subject of another opinion and order filed that day.  During the telephone conference, the court requested that Plaintiff's counsel confer with counsel for the witnesses, and that counsel informally and jointly submit a proposal for the schedule by which the case should proceed.

Plaintiff timely submitted the proposed order on March 3, 2011.  The witnesses filed their objections on the docket on March 10, 2011.  Plaintiff responded in a March 11, 2011, filing.  For the following reasons, the court will sustain in part and overrule in part the witnesses' objections.  The court will revise and file the proposed order in a manner consistent with this order.  In addition, the court will close discovery.

## I. ORDER MODIFYING SUBPOENAS

The witnesses submitted eight objections, and Plaintiff agrees to Objections # 1, 2, 5, and 7.  (Resp. ¶ 1.)  The court will therefore sustain those objections, and will discuss only Objections # 3, 4, 6, and 8, which remain in dispute.[1]

### A. Objection # 3

The witnesses seek an additional limitation to the proposed order that would except documents "that would only be admissible in a proceeding against the third-party witnesses," from the reach of the subpoenas, consistent with the court's opinion.  (Obj. ¶ 3.)  In response, Plaintiff argues that determinations of admissibility should not be left to the witnesses, and asks for this objection to be overruled, or in the alternative, for documents that may be caught by this limitation to be listed in a log and produced for *in camera* inspection.  (Resp. ¶¶ 2-3.)

---

[1]  The court agrees with Plaintiff's observation that the witnesses would have done well to consult with Plaintiff before filing objections.  By that same token, Plaintiff would have done equally well to consult with the witnesses before submitting the proposed order.  Neither Plaintiff nor the witnesses are in violation of Eastern District of Michigan Local Rule 7.1(a) because that Rule only governs motion practice, but the lesson espoused by the Rule is one that could be applied generally in legal practice: if opposing attorneys confer over a dispute before bringing it before the court, and only bring to the court's attention matters actually in dispute, litigation will be both more efficient and less contentious for all concerned.

This objection will be sustained.  The court's statement that Plaintiff could not obtain discovery of documents "that would only be admissible in a proceeding against the third-party witnesses" was an additional limitation on discovery, which restricts what discovery might be otherwise permitted under the Rules because Plaintiff "has had ample opportunity" to obtain the information sought and "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case."  *See* Fed. R. Civ. P. 26(b)(2)(C).  In particular, the court will restrict from discovery here documents that would not be admissible against Defendant.[2]  The scope of discovery is broader than the limits on admissibility of evidence, *see* Fed. R. Civ. P. 26(b)(1), but because of the volume of discovery already conducted in this case, the overly broad scope of the originally issued subpoenas, and to focus Plaintiff on seeking information that could be used in an action against Defendant—rather than in an as-of-yet unfiled action against the witnesses—the court's opinion explained why this limitation should be included in the order revising the subpoenas.  Therefore, the objection will be sustained, and the limitation added.  However, the court agrees with Plaintiff that because admissibility determinations ultimately must be made by the court, the witnesses must produce a log of all documents that would otherwise be discoverable, but that they believe would not be admissible in this action against Defendant.

---

[2]  It would be far more difficult, if not impossible, for the witnesses to identify documents that would be admissible against only them out of the entire universe of imaginable lawsuits.  More to the point, the purpose of the court's earlier statement was to limit discovery to documents that would be admissible in this particular case against Defendant.

**B. Objection # 4**

The witnesses next object to the proposed production deadline of March 17, 2011. (Obj. ¶ 4.) They ask for 21 days from the entry of the order modifying the subpoenas to produce the documents and any logs. (*Id.*) Plaintiff responds that the witnesses should be given 14 days in light of the lengthy delays already encountered in the case. (Resp. ¶ 4.) The court will sustain the objection, taking note of the resolution of Objection # 3, supra, which may necessitate additional time to produce an "admissibility" log. The witnesses will have 21 days to produce all documents or logs required by the court's order modifying the subpoenas.

**C. Objection # 6**

This objection, too, will be sustained. The witnesses seek a clarification in the proposed order to note that if, after an *in camera* inspection of documents listed in a privilege log, the court finds certain documents must be produced, the court will order the witnesses to produce the documents instead of releasing the inspected documents to Plaintiff itself. (Obj. ¶ 6.) This procedural step preserves the avenue of an interlocutory appeal to the witnesses should they decide to pursue it in lieu of immediate production.[3] (*Id.*) Plaintiff urges the court to be silent on the matter, since the issue has yet to arise. (Resp. ¶ 5.) Because this clarification will not prejudice either party and will serve to elucidate the process of responding to the order modifying the subpoenas, the court will sustain the objection and include according language in the order.

**D. Objection # 8**

--------

[3] The court expresses no opinion regarding the witnesses' right to or the court of appeals's jurisdiction over any such appeal.

4

Finally, the witnesses ask the court to enter an order that requires Plaintiff to issue new subpoenas, rather than to enter an order "modifying" the outstanding subpoenas.[4]  (Obj. ¶ 8.)  Plaintiff says such a procedural step will lead only to additional delays.  (Resp. ¶ 6.)  The court agrees, and so will overrule the objection.  The proposed order, as drafted, directs the witnesses to produce the documents, and includes some of the original language of the subpoenas, but does not refer to those subpoenas or otherwise purport to modify them.  An order of the court is just as effective as a pair of Rule 45 subpoenas to accomplish production, and therefore the objection will be overruled.

## II. SCHEDULE

On March 10, 2011, the witnesses submitted a letter to the court explaining that they could not agree with Plaintiff on a schedule for the case to proceed.  They propose setting April 15, 2011, as a deadline to amend the pleadings and as a deadline for discovery.  They cite the extensive discovery already completed in this case, including the six subpoenas issued to the witnesses collectively and the deposition of Liss.  They "emphatically reject the notion that it is appropriate to link any date in this case to [Plaintiff]'s evaluation of additional discovery."

---

[4]  Throughout this order, the court refers to an "order modifying the subpoenas," the proposed version of which Plaintiff was required to submit, and the final version of which the court will enter.  The proposed order submitted directly orders the witnesses to produce certain documents, instead of obtaining production by modifying the subpoenas.  Thus, the forthcoming order is described as an order modifying the subpoenas only in the interests of clarity and consistency with the court's February 10, 2011, order.

Plaintiff submitted its letter proposing a schedule on March 11, 2011. Plaintiff states its ideal scheduling deadlines may vary based on the resolution of the objections discussed above, as well as on the content of the documents produced as a result of the forthcoming order. Therefore, it suggests "the parties" consult after production, presumably a discussion that would include Plaintiff, the witnesses, and Defendant.

The court will close discovery, but will allow the parties to file a motion seeking additional, presently uncontemplated discovery. Any such motion must be supported by either stipulation or good cause shown.

The court need not set a deadline for amending the pleadings under Rule 15. Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." If any motion to amend is brought under Rule 15, the court will make a determination according to this standard, taking into account all relevant considerations, including the length of time this litigation has been proceeding.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the witnesses' "Objections to State Farm's Proposed Order" [Dkt. # 131] are SUSTAINED IN PART and OVERRULED IN PART. Objections # 1, 2, 3, 4, 5, 6, and 7 are SUSTAINED. Objection # 8 is OVERRULED. A separate order directing production will follow.

IT IS FURTHER ORDERED that discovery in this matter is now CLOSED.  Any party may seek additional discovery by filing a motion supported by either stipulation or good cause shown.  Notwithstanding the close of discovery, the parties and witnesses must, of course, comply with the forthcoming order described above.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2011, by electronic and/or ordinary mail.


s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522