**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.                                                       Case No. 08-10367

DEANNA HAWKINS,

      Defendant.
                                            /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND MOTION TO TAKE DEPOSITION FROM DAWANNA RUFF**

Pending before the court are the latest in a long series of discovery motions filed in this matter: Plaintiff State Farm Mutual Automobile Insurance Co.'s motion to compel, filed on April 29, 2011, and Plaintiff's motion to depose Dawanna Ruff, filed on July 28, 2011. Both motions concern the privilege log filed on April 8, 2011, by third-party witnesses Arthur Liss and Liss, Seder & Andrews, PC ("the Firm") in response to the court's March 18, 2011 order directing them to produce certain documents relating to Defendant Deanna Hawkins and her niece Fecchia Hawkins ("Fecchia"). For the following reasons, the court will order Liss and the Firm to produce the documents listed on the privilege log, and thus will grant in part and deny in part Plaintiff's motions.

The root of the current dispute dates to at least July 6, 2010, when Plaintiff served subpoenas on Liss and the Firm demanding production of documents relating to Defendant and Fecchia. Liss and the Firm filed a motion to quash the subpoenas on July 21, 2010, which the court granted in part and denied in part on February 10, 2011.

In accordance with this ruling, on March 18, 2011, the court entered an order modifying the subpoenas.  The court directed Liss and the Firm to produce all documents created on or after October 2003 relating to Fecchia or to Defendant's attendant care claims, guardianship and conservatorship for Fecchia, and bankruptcy proceedings.  However, the court circumscribed production to, among other limitations, documents admissible in the case against Defendant.  The court also instructed that, should Liss and the Firm withhold any documents on claim of privilege or inadmissibility in the case against Defendant, they must identify these documents in a log and file them with the court for *in camera* inspection.

In response to the modified subpoenas, on April 18, 2011, Liss and the Firm served a single document on Plaintiff—a telephone message from Ruff, Fecchia's aunt, dated May 18, 2005.  Additionally, Liss and the Firm filed a privilege log listing 150 documents that were provided to the court for *in camera* review.  Plaintiff then filed, on April 29, 2011, a motion to compel: supplementation of the privilege log with additional information about the documents included therein; production of all documents improperly included in the privilege log; and a second deposition of Liss.  On July 28, 2011, Plaintiffs filed a motion seeking permission to depose Ruff and requesting a ruling on the pending motion to compel.

After inspecting the documents identified on the privilege log, the court concludes that none are subject to the evidentiary privileges claimed by Liss and the Firm.  The court uncertain why every document is listed as privileged "attorney work product," and several documents allegedly contain a privileged "attorney client communication." The

court explicitly held that documents from October 2003 and later[1] are discoverable under the crime-fraud exception.  (2/10/11 Order 15.)  *See generally In re Grand Jury Proceedings, G.S. & F.S.*, 609 F.3d 909, 912 (8th Cir. 2010) (explaining that evidence normally privileged as an attorney-client communication or attorney work product is discoverable if made in furtherance of a crime or fraud).  The court will not review the detailed reasoning presented for this holding in previous orders, (*see* 2/10/11 Order 9-15; 6/14/10 Order 6-9), but will observe only that the privilege log does not challenge the court's prior determination that Defendant, Liss, and the Firm relinquished any attorney-client or work-product privilege with respect to these documents.

Liss and the Firm's assertion that a few of the documents are protected as "common interest" also fails.  The court held in its June 4, 2010 order that some communications between Liss and Dean Greenblatt, an attorney who formerly represented Defendant in the present suit, may qualify for protection under the attorney-client privilege when they concerned Defendant's and the Firm's common litigation interest in defending against Plaintiff's fraud claim.  (6/4/2010 Order 11-17; *see also* 7/14/2010 Order 4-5).  Nevertheless, there is a plethora of reasons why the common-interest theory does not preserve any attorney-client privilege over the documents at issue here.  All of the documents identified relay communications between Liss or other attorneys from the Firm and Darren Findling, who is identified as a "probate attorney" and seems to have participated in proceedings concerning Fecchia in Michigan Probate

---

[1]The modified subpeonas are confined to documents from this period, which is the time at which it appears that Fecchia Hawkins had ceased living with, and receiving attendant care from, Deanna Hawkins.

3

Court.  Aside from the fact that it is far from clear that Findling represented Defendant, virtually none of the documents relate underlying communications between Findling and Defendant or between the Firm and a Firm attorney.  (*See* 7/14/2010 Order 4 ("[F]or [the common interest exception] to apply there must be an underlying privileged communication between the Firm and a Firm attorney or between Defendant and Greenblatt.").)  More importantly, none of the documents implicate Liss, the Firm, and Defendant's common interest in defending against Plaintiff's fraud allegation, (*see* 6/4/2010 Order 14 ("After the underlying communication is determined to be privileged, the common interest exception's other requirements must be met, e.g., the communication must be related to a common litigation interest.")); instead, they concern, for the most part, Fecchia's guardianship and conservatorship proceedings in state court.

Just as Liss and the Firm's claims of privilege lack support, so do their assertions that documents noted on the privilege log are not discoverable because they are not admissible in the case against Deanna Hawkins.  Again, Liss and the Firm do not explain the basis for their numerous claims of inadmissibility, and the court can see no reason that the documents should be sequestered outside the scope of the modified subpoenas.  All of the documents pertain to Liss's and the Firm's representation of Defendant in her efforts to obtain attendant-care benefits from Plaintiff.  As such, the documents are not so patently irrelevant to Plaintiff's claims against Defendant as to make them inadmissible at trial or unlikely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  Therefore, the documents do not qualify as

4

"documents that would not be admissible in this case against Deanna Hawkins" as defined in the court's March 18, 2011 order. (3/18/11 Order Mod. Subpoenas 2.)

Because Liss and the Firm have not carried the burden of demonstrating that the documents identified in the privilege log are not discoverable under the terms of the modified subpoenas or due to an evidentiary privilege, the court will grant Plaintiff's request that they be produced. In light of this ruling, the court will deny, without prejudice, Plaintiff's requests for an order compelling additional information about the documents listed on the privilege log, compelling a second deposition of Liss, and allowing the deposition of Dawanna Ruff. Accordingly,

IT IS ORDERED that Plaintiff's motion to compel [Dkt. # 137] and motion to take deposition from Dawanna Ruff [Dkt. # 139] are GRANTED IN PART AND DENIED IN PART. They are GRANTED in that the documents identified in the April 8, 2011 privilege log [Dkt. # 135] were improperly included therein and should be produced to Plaintiff under the court's March 18, 2001 order [Dkt. # 134]. It is DENIED, without prejudice, with respect to Plaintiff's requests that the court: compel third-party witnesses Liss and the Firm to provide additional information about the documents listed on the privilege log; compel a second deposition of Liss; and allow the deposition of Ruff.

IT IS FURTHER ORDERED that third-party witnesses Liss and the Firm are DIRECTED to produce all documents identified in the April 8, 2011 privilege log to Plaintiff on or before **October 7, 2011**.

                                                                     s/Robert H. Cleland  
                                                                     ROBERT H. CLELAND  
                                                                     UNITED STATES DISTRICT JUDGE

Dated: September 27, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2011, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-10367.HAWKINS.GrantInPartMotCompel.set.wpd